Habold A. Stevens, J.
This application for a certificate of reasonable doubt is denied. The defendant contends (1) that the sentence is harsh and excessive and (2) that from the evidence there is reasonable doubt whether this defendant should have been convicted.
Section 527 of the Code of Criminal Procedure provides that a certificate shall issue when “ in the opinion of [the] court there is reasonable doubt whether the judgment should stand, but not otherwise.” (Italics ours.) Such an application is to determine if there is a reasonably arguable question which ought to be settled by an appellate court. The People express some doubt that this section is applicable here.
Is an adjudication as a youthful offender identical with or equivalent to a judgment of conviction of an adult as the term is used? Section 913-r of the Code of Criminal Procedure provides that a youthful offender (as this defendant has been adjudged) shall be entitled to an appeal in accordance with the provisions of the code, while section 913-q provides that the provisions of the code and of the Penal Law “ shall apply to this title in so far as they are applicable and not inconsistent herewith. ’ ’
The language of the Appellate Division, Second Department, in Matter of Giroffi (283 App. Div. 890) is interesting. The court pointed out that an application of juvenile delinquency was not a criminal conviction and hence there was no authority for the issuance of a certificate of reasonable doubt.
Section 45 of the Children’s Court Act of the State of New York, in subdivision 4, affords some of the same benefits or advantages to a juvenile delinquent, as are given by section 913-n of the Code of Criminal Procedure to a youthful offender upon adjudication as such, while subdivision 5 of section 45 of the Children’s Court Act sets forth that provisions of the Penal Law or Code of Criminal Procedure inconsistent with or repugnant to the provisions of the act are considered inapplicable.
Will the entertaining of an application for a certificate of reasonable doubt be inconsistent with the provisions of the Youthful Offender Act? We find nothing in the express language of the applicable sections to lead us to an affirmative answer. Would it then be inconsistent with the purposes of the act, which is really in some respects an act of opportunity affording one within the age limits set forth a second chance? We think not. Section 913-q of the Code of Criminal Procedure might reasonably be construed, in our opinion, to support this view.
*994 Moving then to the contention of the defendant that the sentence is harsh and excessive, we look to section 913-m, which provides, in part, that the court ‘ ‘ upon the adjudication of any person as a youthful offender may (1) Commit the defendant, (2) Suspend sentence, or (3) Impose sentence and suspend the execution of the judgment.” If not committed to a religious, charitable or other private reformative institution, he is committed to one supported or controlled by the State. In the latter case he must be sent to Elmira Reception Center as was done here (Correction Law, § 61), and the Board of Parole has the power to terminate the sentence.
We cannot say that there is before us sufficient to create the arguable question heretofore referred to, so as indicated above, the application is denied.